UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-cv-62337-RS

MARC WEINBERGER and
KAREN WEINBERGER, individually and
on behalf of those similarly situated,

  Plaintiffs,
vs.

NEWREZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICES,

  Defendant.
_____/

## JOINT SCHEDULING REPORT

Plaintiffs, MARC WEINBERGER and KAREN WEINBERGER, (hereinafter referred to as "Plaintiffs"), and Defendant, NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICES, et al (hereinafter referred to as "Shellpoint" or "Defendant"), pursuant to Local Rule 16.1(B)(2) of the Southern District of Florida Local Rules, hereby submit the following Joint Scheduling Report:

1.  **Statement of Claims and Alleged Damages**

    a.  **Claims and Defenses Raised by the Pleadings and Issues Presently Known:**

This case is brought by the Plaintiffs, both individually and on behalf of all putative class members similarly situated, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), Section 501.201, *et seq*, Florida Statutes ("Florida Deceptive and

Unfair Trade Practices Act" or "FDUPTA"), and Section 559.72(9), Florida Statutes ("Florida Consumer Collection Practices Act" or the "FCCPA"), in accordance with the allegations set forth for the claimed breaches of each statute for charging fees which are deceptive, unlawful, and unauthorized.

Defendant filed an Unopposed Motion for Extension of Time to Respond to Plaintiffs' Complaint on December 10, 2021. **(D.E. 7)**.   The Court entered a paperless order granting Unopposed Motion for Extension of Time on December 10, 2021 answer due January 11, 2022. **(D.E. 8)**

Plaintiffs seek to certify the following "National Class" definition: All persons in the United States who were charged for fees that were not enumerated or explained on a payoff statement, within a category identified only as "Fees" or "Funds owed by borrower."

In addition, the Plaintiffs seek to certify the following "Florida Class" definition: All persons in the State of Florida who were charged for fees that were not enumerated or explained on a payoff statement, within a category identified only as "Fees" or "Funds owed by borrower."

**2.      Estimate of Actual Damages and Other Relief at Issue:**

The Plaintiffs seek the following damages against the Defendant as to all of the allegations contained in Counts One through Four of the Complaint:

    **a.** Certifying Plaintiffs' claims for class treatment under Federal Rules of Civil Procedure 23(a) and (b)(3), appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' attorneys as counsel for the Classes;

    **b.** For an order awarding compensatory damages on behalf of Plaintiffs and the Class in an amount to be proven at trial;

    **c.** For judgment for Plaintiff and the Class on their claims in an amount to be proven at trial, for compensatory damages caused by Defendant's unfair or deceptive

practices, for treble damages, and for exemplary damages to each Class member for each violation;

**d.** For an order enjoining Defendant from continuing its unfair, unlawful, and/or deceptive practices, and any other injunctive relief as may appear necessary and appropriate;

**e.** For judgment for Plaintiff and the Class on their federal and state law claims, in an amount to be proven at trial;

**f.** For pre-judgment and post-judgment interest as provided for by law or allowed in equity;

**g.** For an order awarding Plaintiffs and the Class their attorneys' fees and costs; and,

**h.** Any other relief for Plaintiffs and the Class the Court deems just and proper.

3. **Discovery Limitations and Discovery Schedule:**

There is no need for variance from the discovery limitations.  Plaintiffs do not believe that discovery in phases will be necessary.  Shellpoint reserves the right to seek bifurcation of individual and class discovery upon further investigation of the facts of this case.  Shellpoint further reserves the right to seek to stay and discovery pending a ruling on its anticipated motion to dismiss.  The parties anticipate that depositions of the Plaintiffs will be necessary. Furthermore, Plaintiffs intend to take the deposition of Defendant's corporate representative(s) on topics that will be determined in the future as related to the claims asserted in the Complaint.  The parties agree that this case should be placed on a Standard Track, as the trial is likely to take five to seven days.  To the extent any materials deemed confidential, proprietary, or trade secret by Shellpoint are requested, the parties intend to work together to agree to an appropriate confidentiality agreement and/or stipulated protective order.

4. **Proposed Deadlines:**

    a.    **To Join Parties and to Amend Pleadings:** February 28, 2022

    b.    **To Complete Discovery:** December 14, 2022

    c.    **Dispositive motions:** January 13, 2023

    d.    **To Conduct Final Pretrial Conference:** May 9, 2023

    e.    **Trial:** May 15, 2023

5. **Jury/Non-Jury Trial and Length of Trial**

Plaintiffs have requested a jury trial in their pleadings. Shellpoint objects to the jury trial demand and asserts the Weinbergers have contractually waived any jury trial right they may have to these claims (*see* Mortgage ¶ 25) and intends to file a motion to ask the Court, rather than a jury, hear this matter should it proceed to trial. The parties anticipate that the trial will take five to seven days, and therefore the Standard Track is appropriate.

6. **The Likelihood of Settlement:**

The parties have engaged in initial settlement discussions and will attempt to resolve the case via settlement, if possible.

7. **Pending Motions:**

None.

8. **Unique Factual or Legal Issues:**

The parties have not identified any unique factual or legal issues that will be of first impression before the Court.

9. **The Necessity or Desirability of Amendments to Pleadings:**

At this time, the parties do not anticipate the need to amend the pleadings in this matter but reserve the right to do so by the time frame set forth below.

10. **The Possibility of Obtaining Admission of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence:**

The parties will attempt to stipulate to facts and admissibility of evidence prior to trial, as to those facts and evidence where there is no dispute. The parties will make electronically stored information available in paper or electronic form as requested by the other party.

11. **Suggestions for Avoidance of Unnecessary Proof and of Cumulative Evidence:**

None at this time, however, the parties anticipate effectively using the required Joint Pretrial Stipulation for that purpose.

12. **Suggestions on the Advisability of Referring Matters to Magistrate Judge or Master:**

The parties consent to the referral of discovery disputes to the Magistrate Judge.

13. **Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference:**

None.

| Pretrial Deadlines and Trial Date | Month/Day/Year |
|---|---|
| Initial Disclosures | 1/27/2022 |
| Joinder of Additional Parties and to Amend Pleadings | 2/28/2022 |
| Selection of Mediator | 3/30/2022 |
| Motions for Class Certification | 6/28/2022 |
| Exchange of Written Lists Containing the Names and Addresses of All Fact Witnesses Intended to Be Called at Trial and Only Those Fact Witnesses that Will Be Permitted to Testify | 8/30/2022 |
| Completion of Fact Discovery | 10/15/2022 |

| | |
|---|---|
| Disclosure of Plaintiff's Expert, | 10/15/2022 |
| Disclosure of Defendant's Expert | 11/15/2022 |
| Rebuttal expert witness summary, reports as required by Rule 26(a)(2) | 12/1/2022 |
| Deadline to Complete All Expert Discovery | 12/14/2022 |
| All Summary Judgment, Daubert, and Other Dispositive Motions Must be Filed | 1/13/2023 |
| Deposition designations and counter designations | 3/15/2023 |
| All Pretrial Motions and Memoranda of Law Must Be Filed | 4/15/2023 |
| Joint Pretrial Stipulation | 4/15/2023 |
| Conduct Final Pretrial Conference | 5/9/2023 |
| Mediation Shall Be Completed | 1/13/2023 |
| Proposed Jury Instructions and/or Proposed Findings of Fact and Conclusion of Law Must Be Filed | 4/15/2023 |
| Trial[1] | 5/15/2023 |

Respectfully submitted,

---

[1] The parties recognize the Court's proposed scheduling order states that Trial shall occur within 9 months of complaint filing for FDCPA cases. (Dkt. 9 at p. 3 n.1.) But because this matter was filed as a putative class action and includes claims in addition to FDCPA, the parties have proposed following the standard track.

| | |
|---|---|
| **SCOTT HIRSCH LAW GROUP** | **AKERMAN LLP** |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| 6810 N. State Road 7 | 201 East Las Olas Boulevard, Suite 1800 |
| Coconut Creek, FL 33073 | Fort Lauderdale, FL 33301-2999 |
| Telephone: (561) 569-7062 | Telephone: (954) 463-2700 |
| Email: scott@scotthirschlawgroup.com | Email: marc.gottlieb@akerman.com |
| */s/ Scott Hirsch* | Email: joyce.gutierrez@akerman.com |
| Scott Hirsch, Esq. | |
| | */s/ Marc J. Gottlieb* |
| Bar No. 50833 | Marc J. Gottlieb, Esq. |
| | Bar No. 827819 |
| **THE ADVOCACY GROUP** | **AKERMAN LLP** |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| 100 S. Biscayne Blvd, Suite 300 | 50 North Laura Street, Suite 3100 |
| Miami, FL 33131 | Jacksonville, Florida 32202 |
| Telephone: (954) 282-1858 | Telephone: (904) 798-3700 |
| Facsimile: (954) 282-8277 | Facsimile: (904) 798-3730 |
| Email: service@advocacypa.com | Email: celia.falzone@akerman.com |
| Email: jkerr@advocacypa.com | Email: emory.woodard@akerman.com |
| */s/ Jessica L. Kerr* | */s/ Celia C. Falzone* |
| Jessica L. Kerr, Esq. | Celia C. Falzone, Esq. |
| | |
| Bar No. 92810 | Bar No. 0016439 |

## **CERTIFICATE OF SERVICE**

I certify that on January 10, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF and via email.

    Respectfully submitted,

    /s/ Jessica L. Kerr
    Jessica L. Kerr, Esq.
    Bar No. 92810